IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| BRANDON MICHAEL WAGES, #A6092237,<br><br>Plaintiff,<br><br>vs.<br><br>SERGEANT MIZU,<br><br>Defendant. | Civil No. 24-00223 MWJS-WRP<br><br>ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 15, WITH LEAVE TO AMEND |

**ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 15, WITH LEAVE TO AMEND**

Before the Court is pro se Plaintiff Brandon Michael Wages' First Amended Prisoner Civil Rights Complaint (FAC) filed pursuant to 42 U.S.C. § 1983.[1] ECF No. 15. In his FAC, Wages alleges that Defendant Sergeant Mizu violated the Eighth Amendment by denying Wages

---

[1] Wages is currently incarcerated at Halawa Correctional Facility. *See* ECF No. 15, at PageID.71; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number," enter "A6092237," and select "Search") (last visited October 3, 2024).

adequate medical care after another inmate head-butted him at Waiawa Correctional Facility (WCF).  *Id.* at PageID.75-76.

Because Wages proceeds in forma pauperis, *see* ECF Nos. 4 & 7, the Court is required to screen the FAC, *see* 28 U.S.C. §§ 1915(e)(2), 1915A.  The Court must ensure, among other things, that the FAC states a claim upon which relief could be granted.

The FAC falls short of this standard, and so the Court DISMISSES the FAC with leave to amend.  If Wages would like this action to proceed, he must file an amended complaint that cures the identified deficiencies in his claim on or before November 4, 2024.  Alternatively, Wages may inform the Court in writing on or before November 4, 2024, that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

//

//

//

## BACKGROUND

The FAC's factual allegations arise from Wages' medical care while incarcerated at WCF.[2]  On the evening of April 13, 2024, Wages was head-butted by another inmate.  ECF No. 15, at PageID.75.  A "deep gash" opened on the bridge of Wages' nose, and "a lot" of blood began "pouring" from the wound.  *Id.*  Wages ran to tell an adult corrections officer in the building about his injury.  *Id.*  A few minutes later, Sergeant Mizu arrived.  *Id.*

Fearing that his nose was broken, Wages explained to Sergeant Mizu that he needed to visit the medical unit.  *Id.*  Sergeant Mizu "ignored [Wages'] pleas for medical attention."  *Id.*  Instead, Sergeant Mizu told Wages to pack up his belongings, and Wages was moved to the intake building.  *Id.*

Wages again told Sergeant Mizu that he needed to visit the medical unit.  *Id.*  Sergeant Mizu told Wages that no medical staff was on duty.  *Id.*

---

[2]   Wages' factual allegations are accepted as true for purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

at PageID.75-76.  Wages told Sergeant Mizu that he "was in a lot of pain" and that his wound would not stop bleeding.  *Id.* at PageID.76.  Wages asked to go to the hospital because he thought that he needed stitches.  *Id.*  Without addressing Wages' concerns, Sergeant Mizu inventoried Wages' property and took his statement.  *Id.*

A few minutes later, Sergeant Mizu told other officers in the room that Wages "needed to be taken to the hospital."  *Id.*  One of the other officers said, "Please tell me we don't have to take this guy to the hospital."  *Id.*  Sergeant Mizu left the room with the officer.  *Id.*  They returned a few minutes later, and Sergeant Mizu told Wages that he would not be going to the hospital after all.  *Id.*

Wages was placed in an administrative segregation cell without receiving any medical treatment.  *Id.*  Wages continued "pleading" with Sergeant Mizu, repeating that his wound required medical attention.  *Id.*  Sergeant Mizu told Wages that he was "very busy" writing reports, and that Wages would be seen by a nurse the next morning.  *Id.*  Another officer gave Wages a few Band-Aids.  *Id.*

4

Wages commenced this lawsuit on May 21, 2024.  ECF No. 1, at PageID.8-9.  The Court dismissed the original complaint on August 13, 2024.  ECF No. 11.  The Court received the FAC on September 5, 2024.  ECF No. 15.  In the FAC, Wages alleges that Sergeant Mizu violated the Eighth Amendment by denying him adequate medical care.  *Id.* at PageID.75-76.  Wages seeks unspecified damages and equitable relief.  *Id.* at PageID.79.

## DISCUSSION

A.   **Statutory Screening**

The Court is required to screen all in forma pauperis prisoner complaints filed against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  *See, e.g.*, *Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Complaints that, among other things, fail to state a claim for relief must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under

this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The Court must grant leave to amend if it appears that the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130; Fed. R. Civ. P. 15(a)(2). When a claim cannot be saved by amendment, however, dismissal without leave to amend is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

  **B.** **Eighth Amendment Medical Care Claim**

In the FAC's one count, Wages alleges that Sergeant Mizu violated the Eighth Amendment by denying him medical care after he was head-

butted by another inmate. ECF No. 15, at PageID.75-76. For the reasons set forth below, this claim is dismissed with leave to amend.

The Eighth Amendment, which forbids "cruel and unusual punishment," U.S. Const. amend. VIII, governs the medical treatment of prisoners. *Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021). Although the Constitution "does not mandate comfortable prisons," it also does not "permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks omitted). Prison officials, therefore, "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and [they] must take reasonable measures to guarantee the safety of the inmates." *Id.* (internal quotation marks omitted). A prison official who fails to meet that standard may be liable under § 1983. *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

To establish a claim of inadequate medical care, a prisoner must show both a "serious medical need" and that an official's response to the need was "deliberately indifferent." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785-86 (9th Cir. 2019) (per curiam) (internal quotation marks omitted).

7

First, a serious medical need is present when the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* at 785 (cleaned up).

Second, a prison official is deliberately indifferent when they know of and disregard an excessive risk to an inmate's health. *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014). This is a "high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). It may be met when prison officials unreasonably deny or delay medical treatment. *See Colwell*, 763 F.3d at 1066. "An inadvertent or negligent failure to provide adequate medical care," however, "is insufficient to establish a claim under the Eighth Amendment. In other words, medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Edmo*, 935 F.3d at 786 (cleaned up). Furthermore, an inmate must show that the indifference caused harm. *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1081 (9th Cir. 2013).

//

//

8

Liberally construed, the FAC's allegations that another inmate head-butted Wages and opened a "deep gash on his nose," that the gash would not stop bleeding, and that Wages was in a lot of pain and thought his nose might be broken, ECF No. 15 at PageID.75-76, could constitute a serious medical need.  *See Chrisman v. Smith*, No. 08cv975, 2010 WL 503043, at *6 (S.D. Cal. Feb. 5, 2010) (assuming that inmate's broken nose was a serious medical need); *see also Melton v. Abston*, 841 F.3d 1207, 1222 (11th Cir. 2016) ("[W]e have found that broken bones and bleeding cuts are serious medical needs that require attention within hours."), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Even assuming Wages had a serious medical need, however, he has not plausibly alleged that Sergeant Mizu was deliberately indifferent to that need.  Although Wages alleged that Sergeant Mizu was aware of his injury and that he nonetheless was forced to wait overnight to see medical staff, he has not alleged facts showing whether that limited delay was unreasonable under the circumstances or whether it caused him harm.  For example, Wages does not say whether his pain subsided, remained the

9

same, or worsened overnight; whether the wound on his nose stopped bleeding after he applied the Band-Aids or if the bleeding continued; what he was told by medical staff the next morning regarding the nature and severity of his injuries; or the type of medical treatment he received the following morning and during the ensuing days.  The fact that Wages had to wait overnight for treatment, without more, does not meet the high legal standard for deliberate indifference.  *See Mizzoni v. Brooks*, 548 F. App'x 468, 468 (9th Cir. 2013) ("The district court properly dismissed [prisoner's] deliberate indifference claim related to delay in [medical treatment] . . . because [prisoner] failed to allege facts showing that the delay resulted in further significant injury or the wanton infliction of pain . . . ."); *Valladares v. Hubbard*, 490 F. App'x 72, 72 (9th Cir. 2013) ("[A] short delay in treatment that did not result in further injury . . . [did not] constitute[] deliberate indifference."); *see also Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (plaintiff failed to establish deliberate indifference in prison officials' delays in administering pain medication and treating broken nose).

10

## C. Leave to Amend

The Court again recognizes that Wages is proceeding pro se, and amendment could cure the identified deficiencies. Accordingly, the Court DISMISSES the FAC without prejudice and GRANTS Wages leave to amend. Wages must file any amended complaint on or before November 4, 2024. Wages may not expand his claims beyond those already alleged herein, nor may he add new claims without explaining how those new claims relate to his existing claims. Claims that do not properly relate to those in the FAC are subject to dismissal.

Wages must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaiʻi. Of note, Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading, and Local Rule 99.2(a) requires the complaint be submitted on the Court's prisoner civil rights form.

If Wages fails to file a second amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a

prisoner may not bring a civil action or appeal a civil judgment in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  If, however, Wages decides to voluntarily dismiss this action pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, and does so on or before November 4, 2024, such dismissal will not count as a strike against him.

## **CONCLUSION**

(1)  The FAC, ECF No. 15, is DISMISSED without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2)  Wages must file any amended complaint on or before November 4, 2024, and it must address the deficiencies identified above.

(3)  Failure to timely file an amended complaint that cures the identified deficiencies may result in the automatic dismissal of this suit

without further notice, and Wages may incur a strike under 28 U.S.C. § 1915(g).

(4)  Alternatively, Wages may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1) on or before November 4, 2024, and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(5)  The Clerk is DIRECTED to send Wages a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file a second amended complaint.

IT IS SO ORDERED.

DATED:  October 4, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 24-00223 MWJS-WRP; *Brandon Michael Wages v. Sergeant Mizu*; ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 15, WITH LEAVE TO AMEND